IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIFFLINBURG TELEGRAPH, INC., | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:14-CV-00612 |
| HEIDI CRISWELL, et al., | : | (Judge Brann) |
| Defendants | : | |

# **MEMORANDUM**

May 29, 2015

Currently pending before the Court is a Motion to Withdraw as Counsel filed by Counsel for the Defendants, Heidi Criswell, Darlene Sharp, Dale E. Criswell, and Wildcat Publications, LLC (the "Clients"). (ECF No. 71). Plaintiff concurs with the motion, and no defendants other than the Clients object to the Motion. (ECF No. 76).

Middle District Local Rule 83.15 confers discretion upon district courts to grant or deny a Motion to Withdraw where substitute counsel has not entered an appearance. As the United States Court of Appeals for Third Circuit has noted, "there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal. Rules regarding attorney withdrawal are necessarily general because of the context-laden nature of such determinations. The interests to be

considered will vary widely from case to case." <u>Ohntrup v. Makina Ve Kimya Endustrisi Kurumu</u>, 760 F.3d 290, 295 (3d Cir. 2014).

Counsel seeks to withdraw its appearance on behalf of the Clients due to unpaid legal fees. (ECF No. 72). Counsel points out that the retainer agreement signed by the Clients acknowledges that:

> invoices are rendered monthly and are payable within 30 days. In the event that [the] statements are not timely paid, or that payment terms satisfactory to use are not established, [Counsel] reserve[s] the right to renegotiate the terms of this agreement to terminate it and withdraw from this or any representation of [the Clients], and/or pursue other remedies.

<u>Id.</u> at Ex. C.

On May 30, 2014, Counsel sent an invoice to the Clients for $26,206.50. <u>Id.</u> at Ex. D. Counsel asserts that, thereafter, "as early as July 2014 . . . Clients were reminded on numerous occasions in writing and by telephone that they were required to keep up with payments due to Counsel and that failure to do so would result in Counsel's motion to withdraw from the representation." (ECF No. 72). On the basis of these communications, the Clients submitted $10,500 in payments to Counsel in September of 2014. <u>Id.</u> at Ex. D. In October 2014 Counsel applied the entire $5,000 retainer toward the outstanding legal bill. <u>Id.</u> To date, Clients have made monthly $500 payments toward their bill, resulting in payments totaling $19,000. <u>Id.</u> Nevertheless, legal fees continue to accrue.

Counsel asserts that "[t]he current financial condition of Clients and their likely financial condition going forward make it unlikely that the outstanding balance owed to Counsel will be paid or that additional fees and costs incurred in the future will be paid." Id.  Although the Clients have paid $19,000 in legal fees, to date approximately $45,166.86 remains unpaid.  Id.  The Clients acknowledge the amounts unpaid, but note that they have been making regular payments towards the balance, and assert that they are able to continue paying Counsel $1,000 per month.  Id. at Ex. E.

At this juncture, the most appropriate resolution of this issue is to allow Counsel to withdraw from the case.  Counsel has been placed in a difficult position due to the Clients' failure to timely pay their legal fees.  Although the Clients have made a good faith effort to pay the fees, and are paying as much as they realistically can afford, the costs of litigation are far outstripping the Clients' ability to pay those costs.  Unfortunately, this leaves Counsel in the difficult position of being forced to expend considerable time and resources without any genuine assurances of payment for services rendered.

Furthermore, every document submitted in relation to this Motion indicates that the relationship between Counsel and Clients is strained.  In that vein, the Clients' letters indicate that they feel deceived by Counsel regarding alleged oral assurances that some form of regular payment on the legal fees owed would be

sufficient. (ECF No. 75, Ex. E). The Clients believe that Counsel is unwilling to negotiate regarding payment, and stated that their refusal to accept security interests or other form of assurances is "frustrating[.]" Id. Therefore, it may be best that the Clients begin a clean slate with a new attorney.

The Court is not unmindful of the burden that the Clients will carry as a result of Counsel's decision to withdraw. Unfortunately, this is an extremely difficult situation with no easy solution, although the balance of concerns in this case militates toward granting Counsel's request. Counsel will undoubtedly suffer severe prejudice if they are forced to continue in their current capacity without an assurance of payment for their efforts. Discovery is not yet complete, and dispositive motions have not been submitted. A great deal of time would be expended if Counsel is forced to submit dispositive motions, or respond to the same upon completion of discovery.

On the other hand, the Clients will not suffer significant prejudice if Counsel is allowed to withdraw. The case is still far from trial and, and as a result, there is sufficient time for another attorney to enter the case and defend the Clients. There will be some additional expenses incurred, as any new counsel will need to familiarize him or herself with the case. Furthermore, granting the Motion to Withdraw will delay the disposition of this case.

Finally, because discovery concludes approximately one month from this date, there would be some prejudice resulting if new counsel were forced to comply with the discovery deadline.  To rectify this, the Court will delay the discovery deadline.  The Court is also mindful that, as a general rule, a corporation may only appear in federal court through licensed counsel.  <u>Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 201–02 (1993).  Therefore, the Clients will be afforded sufficient time to locate replacement counsel.

Consequently, Counsel's Motion to Withdraw as Attorney for the Clients will be granted.  A separate Order will be issued.

BY THE COURT:

<u>s/Matthew W. Brann</u>
Matthew W. Brann
United States District Judge